Filed 3/26/15  In re Brandon B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BRANDON B., a Person Coming Under the Juvenile Court Law. | D066809 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON B.,<br><br>    Defendant and Appellant. | (Super. Ct. No. J233082) |

APPEAL from a judgment of the Superior Court of San Diego County, David B. Oberholtzer, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal arises from a juvenile court proceeding in which it was alleged that Brandon B. (the Minor) committed first degree burglary (Pen. Code, §§ 459, 460; Welf. & Inst. Code, § 602).  Following an adjudication hearing, the juvenile court found the allegations in the petition to be true.

The Minor was declared a ward of the court and committed to the Camp Barrett program for a period not to exceed 365 days. The Minor filed a timely notice of appeal.

Prior to the commencement of the adjudication hearing, the prosecutor informed the court that the victim was a research attorney for the Superior Court. The judge recognized the victim and said the victim had done some research for the court some years before. The judge informed the parties he was certain he would be impartial. Neither party made any comment and nobody suggested the judge should recuse himself.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), indicating he has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*.

We offered the Minor an opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

On April 11, 2013 the residents of a home in the Tierrasanta area of San Diego discovered their home had been burglarized. The home was ransacked and a number of personal items had been stolen.

Latent fingerprints were taken from the crime scene. A fingerprint examiner testified that two of the fingerprints found inside the house were those of the Minor.

The true finding that the Minor committed the burglary was based on the fingerprint evidence.

## DISCUSSION

As we have noted above, counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating he has not been able to identify any reasonably arguable issue for reversal on appeal.  In compliance with *Anders, supra*, 386 U.S. 738, counsel has identified possible, but not arguable issues to assist the court in our review of the record:

1.  Whether the juvenile court erred in denying the Minor's motion to exclude testimony regarding the analysis of the latent fingerprints?

2.  Whether the judge erred by failing to recuse himself when he discovered the victim was employed by the Superior Court and recognized the victim as a research attorney who had done some research work for the judge years earlier?

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and have not identified any reasonably arguable issue for reversal on appeal.  The Minor has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

3